```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| JOHN C. GRIMBERG CO., INC. | : |
|  | : |
| v. | : Civil Action No. DKC 22-2713 |
|  | : |
| INDIAN HARBOR INSURANCE CO. | : |
|  | : |

**MEMORANDUM OPINION**

Plaintiff John C. Grimberg Co., Inc. has sued Defendant Indian Harbor Insurance Co., its insurer, after Defendant denied Plaintiff's claim for "Rectification Coverage." (ECF No. 1). Presently pending and ready for resolution is the partial motion to dismiss filed by Defendant. (ECF No. 11). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the partial motion to dismiss will be granted.

**I.   Background**

The following facts are alleged in the complaint. (ECF No. 1). Plaintiff was hired on November 20, 2017, as general contractor for the Middle/High School Replacement Project (the "Project") at the Marine Corps Base in Quantico, Virginia. In February 2019, Plaintiff hired Nudura Corporation ("Nudura") to manufacture and install "Insulated Concrete Form" wall systems for

the Project.  Nudura constructed the walls between February 2019 and March 2020.

Defendant sold Plaintiff a "Professional Liability for Construction Contractors and Construction Support Services Providers" policy (the "Policy"), which was in effect from October 1, 2020, to October 1, 2021, and had a "Retroactive Date" of July 1, 2009.  The Policy provided for "Rectification Coverage" of $3,000,000 for expenses "incurred with respect to any action to mitigate or rectify a negligent act, error, or omission arising from Professional Activities and Duties that would otherwise lead to a Professional Liability Claim," as long as the "Professional Activities and Duties [were] rendered on or after the Retroactive Date and prior to the expiration of the Policy Period."  The Policy required that Plaintiff provide Defendant with "immediate notice" of such a "negligent act, error, or omission" and that any "Rectification Expense" be approved by Defendant ahead of time.

In July of 2021, after conducting surveys, Plaintiff discovered that Nudura had improperly constructed the walls, such that the "vertical rebar" was not woven between the "horizontal rebar," which resulted in the vertical rebar drifting inward. Because of this error, the walls "lacked sufficient structural integrity" and had to be demolished and reconstructed at a cost of more than $10.5 million to Plaintiff.

On September 10, 2021, Plaintiff provided Defendant with notice of a claim for Rectification Expense and informed Defendant that it planned to demolish and replace the defective walls.  On November 8, 2021, Defendant waived the requirement that the Rectification Expense be approved, and Plaintiff began demolishing the walls.  On February 7, 2022, Defendant denied coverage of the Rectification Expense, citing two exclusions in the Policy: the "Notices to Previous Insurers" exclusion and the "Known Circumstances or Conditions" exclusion.  Defendant concluded that Plaintiff knew about the defective walls prior to purchasing the Policy and had already submitted a claim for the defective walls to Plaintiff's prior professional liability carrier.  Plaintiff responded to the denial letter, explaining that it had only become aware of the defects in July 2021, so it could not have known about or submitted a claim regarding the defects prior to purchasing the Policy.  On October 18, 2022, Defendant issued another denial letter, citing the same exclusions.

Plaintiff filed this lawsuit on October 20, 2022, seeking a declaratory judgment that Defendant has an obligation to cover the Rectification Expense related to the wall replacement.  The complaint also includes claims of breach of contract, statutory lack of good faith, and common law bad faith denial of insurance claim.  Defendant filed a partial motion to dismiss on December 2, 2022, seeking dismissal under Federal Rule of Civil Procedure

12(b)(6) of the statutory lack of good faith and common law bad faith claims—Counts III and IV, respectively.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must include more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a plausible claim for relief, the court must consider all well-pleaded allegations in a complaint as true. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). However, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Additionally, courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards*

*v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). The purpose of the rule is to ensure that the complaint has given the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

**III. Analysis**

Defendant argues that Count IV should be dismissed because there is no common law claim for bad faith denial of an insurance claim under Maryland law.[1]  (ECF No. 11-1 at 14).  In its response to Defendant's motion, Plaintiff agrees to withdraw Count IV.  (ECF No. 18 at 1 n.1).  That claim will be dismissed.

As for Count III, Defendant argues that Plaintiff's complaint fails to allege sufficient facts to support a statutory lack of good faith claim.  (ECF No. 11-1 at 10).  Plaintiff has brought this claim pursuant to Maryland Code, § 3-1701 of the Courts and Judicial Proceedings Article and § 27-1001 of the Insurance

---

[1] The parties agree that Maryland law governs Counts III and IV, so the court need not engage in a choice-of-law inquiry. *See Vanderhoof-Forschner v. McSweegan*, 215 F.3d 1323 (Table), 2000 WL 627644, at *2 n.3 (4th Cir. 2000); *see also Wiener v. AXA Equitable Life Ins. Co.*, 58 F.4th 774, 781 (4th Cir. 2023) (holding that a defendant's "failure to object to the application of [one state's] law and affirmative invocations of that law constitute, for all relevant purposes, a waiver of any argument that another state's law should be applied.").

Article.[2] (ECF No. 1 at 15). Those sections recognize that an insurer has a duty to "act in good faith" in handling insurance claims. An action to determine either the coverage that exists or the extent to which an insured is entitled to receive payment may also include an allegation that an insurer failed to act in good faith if the plaintiff seeks to recover amounts in addition to actual damages. Those statutes define "good faith" as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim." Md. Code, Cts. & Jud. Proc., § 3-1701(a)(5); Md. Code, Ins., § 27-1001(a).

Judges in this District have adopted a "totality of the circumstances" test for analyzing claims under these provisions, which includes the following factors:

> [(1)] efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds; [(2)] the substance of the coverage dispute or the weight of legal authority on the coverage issue; [and] [(3)] the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage.

*Barry v. Nationwide Mut. Ins. Co.*, 298 F.Supp.3d 826, 830 (D.Md. 2018) (alterations in original) (quoting *All Class Constr., LLC v.*

---

[2] The complaint also cites "the Unfair Claims Handling Practices set forth in the Code of Maryland Regulations," although it does not specify the section of those regulations on which it relies in reference to this claim.

6

*Mutual Benefit Ins. Co.*, 3 F.Supp.3d 409, 416 (D.Md. 2014)). "Diligence" is one of the considerations, and there are certain regulations that govern time frames within which claims are to be processed. Maryland law provides that, unless an insurer's delay extends beyond the time allowed in statutes and regulations, it cannot serve as the sole basis for a lack of good faith claim. Md. Code, Cts. & Jud. Proc., § 3-1701(f) ("An insurer may not be found to have failed to act in good faith under this section solely on the basis of delay in determining coverage . . . if the insurer acted within the time period specified by statute or regulation for investigation of a claim by an insurer."). Failure to act within an applicable time period, however, is not "*per se* lack of good faith," *Barry*, 298 F.Supp.3d at 830, and the totality of circumstances must be considered.

Plaintiff's complaint does not contain any allegations about the efforts Defendant undertook or about Defendant's diligence and thoroughness, or lack thereof, in investigating the claim. The complaint simply states that Defendant "owed [Plaintiff] a duty to act in good faith in its investigation, analysis[,] and adjustment" of the claim and that Defendant "breached its duty of good faith to [Plaintiff] because it improperly denied" the claim, which was "timely submitted on September 10, 2021 and improperly denied five months later on February 9, 2022." Because "[i]t is well-settled under Maryland law that an insured claiming that an insurer has

7

failed to pay policy benefits may only pursue contract remedies," "an allegation that an insurer has failed to pay policy benefits cannot serve as the sole basis for a lack of good faith claim." *Barry*, 298 F.Supp.3d at 830 (alteration in original) (citing and quoting *Bierman Family Farm, LLC v. United Farm Family Ins. Co.*, 265 F.Supp.3d 633, 638 (D.Md. 2017)); *see also All Class Constr., LLC*, 3 F.Supp.3d at 417 ("The fact that the plaintiffs . . . were unable to persuade the insurer to change its mind does not mean that the insurer failed to act in good faith."). In other words, more than "the mere fact of the parties' disagreement" is required to state a lack of good faith claim.[3] *See Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. 16-cv-3431-ELH, 2018 WL 1471682, at *12 (D.Md. Mar. 23, 2018).

In response to Defendant's motion, Plaintiff argues that the complaint did sufficiently state a claim for lack of good faith, primarily based on Defendant's delay in handling the Rectification

---

[3] Even incorporating the allegations contained in the section of the complaint labeled "Count IV" into this analysis, Plaintiff has not stated a claim for lack of good faith. Those allegations include that Defendant "fail[ed] or refus[ed] to perform a fair, objective, and thorough investigation of the claims as required by the Maryland Insurance Code," "fail[ed] to give Plaintiff's interests equal consideration with its own," and "forc[ed] Plaintiff to institute litigation to recover amounts due under the policy." Each of those statements is entirely conclusory, and the complaint is devoid of facts to support them.

8

Coverage claim.[4]  Plaintiff refers to Code of Maryland Regulations ("COMAR") 31.15.07.04, which provides:

> If an insurer has not completed its investigation of a first party claim within 45 days of notification, the insurer shall promptly notify the first-party claimant, in writing, of the actual reason that additional time is necessary to complete the investigation.  Notice shall be sent to the first-party claimant after each additional 45-day period until the insurer either affirms or denies coverage and damages.

Plaintiff notes that it stated in its complaint that Defendant did not complete its investigation of the claim until five months after the claim was submitted.  However, Plaintiff's complaint never referenced this regulation or the 45-day requirement, nor did it allege whether Defendant notified Plaintiff within 45 days (and every 45 days thereafter) of the reasons that it needed additional time to complete the investigation.[5]

---

[4] Plaintiff also argues that Defendant "has not presented any credible evidence that [Plaintiff was] aware of the rebar drifting before the early summer of 2021."  However, the complaint does not contain any allegations regarding the amount of evidence, or the credibility thereof, that Defendant considered in denying the claim.  A disagreement over *interpretation* of the evidence may be relevant to the breach of contract claim but, as previously discussed, does not suffice to support a lack of good faith claim.

[5] COMAR 31.15.07.07 provides: "If an insurer requires additional information in order to properly consider a claim, the number of days which elapse between the date the insurer requests additional information and the date the insurer receives a response to the request may not be counted whenever these regulations require action by an insurer within a stated period of time."

The gravamen of the complaint is the allegedly improper denial of coverage. Plaintiff did not allege in its complaint that Defendant's delay (or lack of diligence) in investigating was the basis for its lack of good faith claim and only clarifies that in its response to Defendant's motion. It is well-established that a plaintiff cannot amend the complaint through an opposition to a motion to dismiss.[6] *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). As previously noted, the purpose of Rule 12(b)(6) is to ensure that a defendant has been given fair notice of the claims in a complaint and the grounds upon which those claims rest. The complaint does not identify an alleged lack of diligence in investigation as the basis for Count III, nor does it provide sufficient facts to support a claim brought on that basis or for lack of thoroughness.

---

[6] Plaintiff attached to its opposition to the motion to dismiss a document containing correspondence between the parties during the time Defendant was evaluating the Rectification Coverage claim. Under certain circumstances, courts may consider documents beyond the complaint without converting a motion to dismiss to one for summary judgment, such as when those documents are integral to the complaint or explicitly incorporated into the complaint by reference. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). It is unclear whether these documents fall into either of those categories, but even if they did, they would not change this analysis. The complaint still fails to state a claim for lack of good faith and the grounds upon which the claim rests. Defendant also urges the court to consider documents it attached to its motion—letters between the parties regarding the coverage dispute. However, it is unnecessary to look beyond the complaint here to determine that it fails to state a plausible claim for lack of good faith.

Therefore, Plaintiff has failed to state a plausible lack of good faith claim.

**IV. Conclusion**

For the foregoing reasons, Defendant's partial motion to dismiss will be granted. Counts III and IV will be dismissed, with Count III dismissed without prejudice. Although Plaintiff has not sought leave to amend the pleading, district courts have discretion to grant leave to amend "freely" and "when justice so requires." Fed.R.Civ.P. 15(a)(2). Here, Plaintiff will be granted the opportunity to amend the complaint to comply with federal pleading standards and remedy defects identified in this memorandum opinion. Plaintiff will have 21 days within which to file an amended complaint.

                                                            /s/  
                                      DEBORAH K. CHASANOW  
                                      United States District Judge