```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| JOHN C. GRIMBERG CO., INC. | : |
| | : |
| v. | : Civil Action No. DKC 22-2713 |
| | : |
| INDIAN HARBOR INSURANCE CO. | : |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this insurance dispute is a second partial motion to dismiss filed by Defendant Indian Harbor Insurance Co. (ECF No. 29). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the partial motion to dismiss will be denied.

**I. Background**

A more comprehensive description of the facts alleged in Plaintiff John C. Grimberg Co., Inc.'s original complaint can be found in the court's prior memorandum opinion. (ECF No. 22). *See John C. Grimberg Co. v. Indian Harbor Ins. Co.*, No. 22-cv-2713-DKC, 2023 WL 2758842 (D.Md. Apr. 3, 2023). The original complaint detailed Plaintiff's allegations related to Defendant's denial of Plaintiff's claim for Rectification Coverage to cover the cost of replacing defective walls installed by Plaintiff's sub-contractor. (ECF No. 1). The original complaint contained four claims: (I)

Declaratory Judgment that Defendant has an obligation to cover the Rectification Expense; (II) Breach of Contract; (III) Statutory Lack of Good Faith; and (IV) Common Law Bad Faith Denial of Insurance Claim.  Defendant filed its first partial motion to dismiss Counts III and IV in the original complaint on December 2, 2022.  (ECF No. 11).  The court granted that motion, dismissing Count III without prejudice and Count IV with prejudice.  (ECF Nos. 22, 23).  In doing so, the court advised that Plaintiff would have an opportunity to file an amended complaint to remedy the defects in Count III identified in the memorandum opinion.  (*Id.*).

Plaintiff filed an amended complaint on April 24, 2023.  (ECF No. 26).  The amended complaint contains changes and additions to the facts alleged in the original complaint, including a detailed timeline of Defendant's review and denial of Plaintiff's claim for Rectification Coverage and descriptions of the communications between the parties during that time.  It also contains the following revised allegation in support of Count III:

> Defendant Indian Harbor failed to exercise good faith in its handling of Grimberg's Rectification claim by:
>
> a) failing to timely investigate Plaintiff's claim;
>
> b) failing to properly and diligently investigate Plaintiff's claim;
>
> c) failing to afford proper weight and consideration to the documentation and information provided by Grimberg;

>  d) failing to consult with an engineering expert regarding the proximate cause of Plaintiff's damages stemming from the necessity to demolish and rebuild the ICF walls because of a lack of structural integrity resulting from the misplacement of the vertical reinforcing rebar in the ICF walls;
>
>  e) failing to apply the standards and procedures of a reasonably competent insurance investigator for evaluating Rectification claims based upon all information actually or constructively available, had it exercised informed judgment, good faith and prompt diligence in the investigation, consideration, and/or determination of Plaintiff's claim;
>
>  g) [sic] failing to reconsider its position, through the exercise of informed judgment, good faith, and prompt diligence, despite the additional evidence and facts provided by Plaintiff; and
>
>  h) otherwise failing to act in good faith to make an informed judgment based on honesty and diligence supported by the evidence that it knew or should have known at the time it made its decision on Plaintiff's claim.

Defendant filed a partial motion to dismiss Count III in the amended complaint on May 22, 2023, arguing that Plaintiff still has failed to state a claim for statutory lack of good faith. (ECF No. 29). Plaintiff filed a response in opposition, and Defendant filed a reply. (ECF Nos. 30, 35).

**II.  Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d

3

480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must include more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a plausible claim for relief, the court must consider all well-pleaded allegations in a complaint as true. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). However, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Additionally, courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). The purpose of the rule is to ensure that the complaint has given the defendant "fair notice of what the . . . claim is and the

grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

## III. Analysis

Defendant argues that Count III in the amended complaint should be dismissed again for failure to state a claim—this time with prejudice. As explained in the prior memorandum opinion, a claim for lack of good faith brought pursuant to Maryland Code, § 3-1701 of the Courts and Judicial Proceedings Article and § 27-1001 of the Insurance Article, must be evaluated in light of the "totality of the circumstances." *See Barry v. Nationwide Mut. Ins. Co.*, 298 F.Supp.3d 826, 830 (D.Md. 2018). Courts consider the following factors:

> [(1)] efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds; [(2)] the substance of the coverage dispute or the weight of legal authority on the coverage issue; [and] [(3)] the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage.

*Id.* (alterations in original) (quoting *All Class Constr., LLC v. Mut. Benefit Ins. Co.*, 3 F.Supp.3d 409, 416 (D.Md. 2014)).

One basis for a lack of good faith claim can be an insurer's lack of diligence, which can be reflected in the insurer's failure to act within the timeframes for processing claims provided for in

the Code of Maryland Regulations ("COMAR").  COMAR 31.15.07.04(B) provides:

> If an insurer has not completed its investigation of a first party claim within 45 days of notification, the insurer shall promptly notify the first-party claimant, in writing, of the actual reason that additional time is necessary to complete the investigation.  Notice shall be sent to the first-party claimant after each additional 45-day period until the insurer either affirms or denies coverage and damages.

Maryland Code clarifies that if the insurer acted within this time period, an insurer's delay cannot form the *sole* basis of a lack of good faith claim.  Md. Code, Cts. & Jud. Proc., § 3-1701(f).  Thus, an insurer's delay beyond 45 days *can* form the *sole* basis for a lack of good faith claim, although this is not a per se rule, and the totality of the circumstances is still determinative.  *See Barry*, 298 F.Supp.3d at 830.

Count III of Plaintiff's original complaint was dismissed because "Plaintiff did not allege in its complaint that Defendant's delay (or lack of diligence) in investigating was the basis for its lack of good faith claim and only clarifie[d] that in its response to Defendant's motion."  (ECF No. 22, at 10).  Plaintiff had provided no other basis, grounded in factual allegations, for the claim.

Plaintiff has made clear in its amended complaint that Defendant's delay in processing Plaintiff's claim is at least one

basis for the lack of good faith claim, and the amended complaint contains a detailed timeline that reflects Defendant's alleged failure to process Plaintiff's claim within the 45-day timeframe provided for in the regulations.

The parties disagree as to the date on which the 45-day period elapsed: Plaintiff alleges in its complaint that the 45-day period elapsed on October 25, 2021, which is 45 days after Plaintiff provided notice of its claim, and Defendant argues that the 45 days elapsed "at the earliest on November 24, 2021" when factoring in the time tolled by Defendant's requests to Plaintiff for information.[1]  (ECF Nos. 36, at 14; 29-1, at 13).  In any event, Defendant does not dispute that the amended complaint plausibly alleges that it failed to process Plaintiff's claim within the 45-day period.  Indeed, going by its own timeline described in its motion to dismiss, Defendant took more than 90 days to process the claim, even removing all the time Defendant was waiting for Plaintiff to provide additional information.  (*See id.* at 13 n.6).

Defendant argues that Count III, as amended, "fails to articulate a plausible claim for lack of good faith based on delay"

---

[1] As was noted in the prior memorandum opinion, COMAR 31.15.07.07 provides: "If an insurer requires additional information in order to properly consider a claim, the number of days which elapse between the date the insurer requests additional information and the date the insurer receives a response to the request may not be counted whenever these regulations require action by an insurer within a stated period of time."

7

"when the totality of the circumstances [is] taken into account," including the fact that much of the delay occurred during the holidays in November and December and that "there was an enormous amount of relevant information to work through." (*Id.* at 14-15). The totality of the circumstances is not, however, before the court at this posture. All that is before the court for the purpose of resolving this motion is Plaintiff's amended complaint and the documents attached and integral thereto. It would be inappropriate for the court to consider Defendant's arguments regarding mitigating factors not reflected in the amended complaint.

Defendant points to Chief Judge Bredar's explanation in *Barry*, 298 F.Supp.3d at 830, that "delay, alone, will rarely serve as the sole basis for a lack of good faith claim, because a finding of lack of good faith rests on a totality of the circumstances, and an insurer's procrastination, without more, might rarely be egregious enough for a jury to find a lack of good faith." (ECF No. 35, at 6-7). Just because something "rarely" occurs, however, does not make it implausible. Plaintiff has alleged a plausible claim for lack of good faith based on Defendant's delay in handling Plaintiff's claim that extended far beyond the timeframe specified by the regulations.

Plaintiff has alleged other reasons beyond the delay that Defendant failed to act in good faith, with which Defendant also takes issue. These other reasons may or may not ultimately be

8

considered as part of the totality of the circumstances, but Plaintiff's allegations regarding Defendant's delay alone are sufficient at this point to state a plausible claim for relief.

## IV. Conclusion

For the foregoing reasons, Defendant's partial motion to dismiss will be denied.  A separate order will follow.

                                                         /s/
                                DEBORAH K. CHASANOW
                                United States District Judge